# In the United States Court of Federal Claims

(Pro Se)

| | | |
|---|---|---|
| SHANYA K. MOORE,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 26-1048<br>(Filed: October 29, 2026) |

Shanya K. Moore, pro se, Springfield, IL, for Plaintiff.

Ioana C. Meyer, Commercial Litigation Branch, Civil Division, United States Department of Justice, with whom were William J. Grimaldi, Assistant Director, Patricia M. McCarthy, Director, and Brett A. Shumate, Assistant Attorney General, for Defendant.

## OPINION AND ORDER

**KAPLAN, Judge.**

On July 22, 2026, Plaintiff Shanya K. Moore, proceeding pro se, filed this action, claiming members of the United States military caused her to suffer extensive injuries. Compl., Dkt. No. 1. Ms. Moore's complaint is short on details, but it is clear that her legal claims sound in tort. Id. (alleging "defamation, libel and slander and intention[al] torts including harm resulting from purposeful actions, such as ass[a]ult, battery and false imprisonment"). Ms. Moore also specified that her claim "falls under the Federal Tort Claims Act." Id. The United States Court of Federal Claims, however, does not have jurisdiction over claims made under the Federal Tort Claims Act or otherwise sounding in tort. 28 U.S.C. § 1491(a)(1) (providing jurisdiction for claims "not sounding in tort"); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008) (citing 28 U.S.C. § 1491(a)(1)) ("The plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction claims sounding in tort.").

It is well established that complaints filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Furthermore, the Court has an independent obligation to satisfy itself of its jurisdiction. See Arbaugh v. Y&H Corp., 546 U.S. 500, 506–07, 514 (2006); Rick's Mushroom Serv., 521 F.3d at 1346; see also RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Having reviewed the complaint, the Court finds that it lacks subject-matter jurisdiction and is obligated to dismiss the case on that ground.

Along with her complaint, Ms. Moore filed an application to proceed in forma pauperis that did not conform with the rules of this court. For the purpose of dismissing this case, this defective submission is accepted for filing, and her application to proceed in forma pauperis is **GRANTED**. Ms. Moore's complaint is **DISMISSED without prejudice** for lack of subject-matter jurisdiction. The government's motion to dismiss, Dkt. No. 7, is **DENIED as moot**.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

ELAINE D. KAPLAN
Judge